## Commonwealth v. Dippold

*John H. Cartwright, deputy district attorney,* for Commonwealth.

*Alvin B. Coppolo,* for defendant.

HIPPLE, P. J., November 28, 1951.—Defendant was arrested on July 28, 1951, for a violation of The Vehicle Code of May 1, 1929, P. L. 905, sec. 620, as last amended by the Act of June 29, 1937, P. L. 2329, section 1, 75 PS §231. This section of The Vehicle Code provides that "it shall be unlawful for any person . . . (h) to operate any motor vehicle upon the highways of this Commonwealth, after the operating privilege is suspended or revoked, and before such operating privilege has been re-instated."

He gave bail before the justice of the peace for his appearance at the October sessions of court, 1951, and on October 8, 1951, a true bill was found against him. On October 10, 1951, he waived trial by a traverse jury, entered a plea of "Not Guilty", and the matter was heard by the court without a jury.

The prosecutor was a police officer or patrolman in the Borough of St. Marys. He testified that he arrested defendant, at approximately 3 a.m. on July 21, 1951, in St. Marys Borough, that defendant was driving an automobile, and upon being asked for his license he stated he did not have his license with him, that he was under suspension and while he had made an application for the issuance of a driver's license to him he had not received it.

At the close of the Commonwealth's case defendant demurred to the evidence, which demurrer was overruled. The Commonwealth also offered in evidence a certificate of the Secretary of Revenue showing the revocation of defendant's license on May 18, 1951, with a restoration as of September 5, 1951. To this offer defendant objected, because defendant had a right to be confronted by his accuser and witnesses, apparently meaning a proper representative from the Department of Revenue, and that there was no authority in law for the admission of a certificate of this kind.

Defendant offered no testimony. He did not deny that he had stated to the arresting officer that he did not have any license and that he was under suspension.

As the record stands, the testimony is that defendant admitted to the arresting officer that he did not have an operator's license, and, as stated, defendant offered no testimony to contradict this statement, or to show either that he had made an application for a license, or that a license had been issued to him.

"Defendant admitted that he operated his automobile after his operating privilege had been suspended and before it was reinstated. By his own admission defendant did that which the statute declares to be unlawful and a misdemeanor": Commonwealth v. Healey, Jr., 149 Pa. Superior Court, 497-502; and "It was defendant's duty to secure a reinstatement of his operating privilege before again driving a motor vehicle on a public highway": Commonwealth v. Matecko, 71 D. & C. 563-66.

Defendant having been found driving an automobile in the Borough of St. Marys and having admitted to the prosecuting officer that he had no license because it had been suspended, and there being no evidence offered by defendant to contradict this testimony, it is not necessary to pass on the admissibility of the certificate of the Secretary of Revenue, and defendant must be found guilty of the offense with which he is charged.

### Decree

Now, November 28, 1951, defendant is adjudged guilty of having violated section 620(h) of The Vehicle Code of 1929, as last amended by the Act of June 29, 1932, P. L. 2329, sec. 1, and he is sentenced to pay a fine of $100 and costs of prosecution.